Wayne Wah WANG, Petitioner,

v.

Alberto R. GONZALES, Department of Homeland Security, Sean Cenawood, Unites States Attorney's Office, Southern District of New York, Respondents.

No. 05–4496–AG.

United States Court of Appeals, Second Circuit.

April 24, 2006.

David A. Bredin, New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Steven K. Sharpe, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Wayne Wah Wang, through counsel, petitions for review of the BIA decision affirming, without opinion, the decision of the Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, see, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The inconsistencies and implausibilities in Wang's testimony concerning his religious persecution claim supported the IJ's adverse credibility determination. As the IJ noted, Wang provided a confusing, inconsistent account of which individuals in his village knew the names of the priest and the nun. Additionally, the IJ explained that it was implausible that Wang was the only church-goer who knew the name of the priest who led them in prayer, and that the government officials knew that Wang knew the priest, but did not know who the priest was. See Ming Xia Chen v. BIA, 435 F.3d 141, 146 (2d Cir. 2006). "We need not consider the IJ's alternative ground that, even if [Wang] was credible, [he] had not established a well-grounded fear of persecution." Id.

Because Wang was unable to show the objective likelihood of religious persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir. 2003).

Although the IJ's denial of asylum, withholding of removal and CAT relief based on religious persecution was proper, the IJ's rejection of Wang's family planning claim was not supported by substantial evidence.

The IJ denied Wang's family planning claim on three grounds. First, the IJ noted an inconsistency regarding the IUD insertion. Second, the IJ made the global statement that Wang's testimony "lacked the spontaneous idiosyncratic details which ... are one of the hallmarks of credible testimony." Third, the IJ faulted Wang for failing to produce medical records confirming Wang's wife's medical complications following the abortion procedure.

The IJ's first ground for denial is not supported by the record. In recount-

ing Wang's testimony, the IJ was troubled by a discrepancy which she believed was never resolved. Specifically, the IJ explained that Wang had initially testified that his wife was forced to have an IUD inserted in August 1998, but then indicated that the insertion had occurred in August 1999. However, the IJ misconstrued Wang's testimony. While Wang did correct his testimony regarding the relevant year, he did so immediately and on his own initiative. Thus, the change between 1998 and 1999 appeared to be a clarification, rather than an inconsistency. Further, contrary to the IJ's assertion, Wang did not state that the IUD was inserted in August 1999, but merely testified that it occurred in 1999. Wang later clarified that the IUD was inserted in early 1999, after his son was born. This correction, contrary to the IJ's conclusion, resolved the IJ's putative discrepancy.

■ The IJ's second ground for denial was her general observation that Wang's testimony "lacked the spontaneous idiosyncratic details which ... are one of the hallmarks of credible testimony." Reliance on this ground cannot withstand scrutiny. When an IJ makes an adverse credibility finding, she must "carefully detail the reasoning leading to the adverse finding" and "provide specific and cogent reasons for doing so." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). The IJ's blanket statement in this case, without any specific examples of what type of "idiosyncratic details" were missing, does not satisfy the standard set forth in *Secaida–Rosales* and subsequent cases. *Cf. Qiu v. Ashcroft*, 329 F.3d 140, 150–53 (2d Cir. 2003) (concluding that the IJ erred in denying asylum on the basis of insufficient testimonial specificity because the alien's testimony was specific as to the essential facts; viz., the alien's wife was taken for a forced abortion by "birth control officers").

■ The IJ's final reason for denying Wang's family planning claim was Wang's failure to produce corroborative evidence. Specifically, the IJ declared that Wang "claims that his wife suffered medical complications after the abortion, which required medical visits" but that "no medical record[s] from China were offered in this proceeding, and again, the court would find that such records could be reasonably be assumed to be available." Because the IJ's previous two rationales for her adverse credibility finding are not supportable, the failure to corroborate becomes the IJ's sole basis for concluding that Wang's family planning claim is incredible. Standing alone, this ground is insufficient to support an adverse credibility finding. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) ("[I]t is inappropriate to base a credibility determination solely on the failure to provide corroborative evidence.") Additionally, if an IJ "turn[s] down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available." *Qiu*, 329 F.3d at 153 (citing *Diallo*, 232 F.3d at 285–90). Here, the IJ failed to comply with the second requirement. She did not "show" that the documents were reasonably available, she simply stated, in conclusory fashion, that "the court would find that [the medical records] could be reasonably be assumed to be available."

Due to these errors, the IJ's adverse credibility finding with regard to Wang's family planning claim cannot be sustained. We do find, however, that Wang failed to provide sufficient evidence demonstrating that it was more likely than not that he would be tortured if returned to China, and, thus, denial of CAT relief was appropriate. *See* 8 C.F.R. § 208.16(c)(2); *Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir. 2003).

For the foregoing reasons, the petition for review is GRANTED in relation to Wang's family planning claim, the BIA's decision in VACATED in that regard, and the case is REMANDED to the BIA for further proceedings. The petition for review is DENIED in relation to Wang's religious persecution claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).